FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 JUL 31 AM 11: 32

CLERK _____
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA, SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| TERRI WARNER and PATRICK WARNER, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| | : | NO.: |
| v. | : | |
| | : | **CV 406 - 193** |
| ALCON LABORATORIES, INC. and ALCON, INC., | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL BY DEFENDANTS
## ALCON LABORATORIES, INC. AND ALCON, INC.

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446,

Defendants Alcon Laboratories, Inc. ("ALI") and Alcon, Inc. ("Alcon, Inc.") hereby

remove the above-captioned action from the State Court of Chatham County of the State

of Georgia, Civil Division, to the United States District Court for the Southern District of

Georgia, Savannah Division, on the grounds that it is an action in which the District

Courts have original jurisdiction pursuant to 28 U.S.C. § 1332 in that this is an action

between citizens of different states.  Defendants are not citizens of the forum and do not

have principal places of business in the forum, and the amount in controversy exceeds

$75,000, exclusive of interest and costs.  In support of this Notice of Removal,

Defendants respectfully show unto the Court that:

1.      ALI and Alcon, Inc. are defendants in a civil action commenced on June

21, 2006 in the State Court of Chatham County of the State of Georgia, Civil Division,

designated by case number STCV0601896 and captioned <u>Terri Warner and Patrick</u>

<u>Warner v. Alcon Laboratories, Inc. and Alcon, Inc.</u>

2.     The Summons and Complaint were received by ALI and Alcon, Inc. on

July 7, 2006.  As a result, this matter is being removed within thirty (30) days of service

of the Complaint upon ALI and Alcon, Inc.

3.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and

orders that have been served on Defendants in this action are attached to this Notice as

"Exhibit A, Complaint."

4.     The State Court of Chatham County of the State of Georgia is located

within the Southern District of Georgia, Savannah Division.  Therefore, venue is proper

because it is the "district and division embracing the place where such action is pending."

<u>See</u> 28 U.S.C. § 1441(a).

5.     No previous application has been made for the relief requested herein.

6.     Plaintiffs are residents and citizens of the State of Georgia.  <u>See</u> Exhibit A,

Complaint, at ¶ 1.

7.     ALI is a corporation organized under the laws of the State of Delaware,

with a principal place of business in the State of Texas.

8.     Alcon, Inc. is a corporation organized under the laws of Switzerland, with

a principal place of business in Switzerland.

9.     Plaintiffs purport to seek damages in excess of $20 million.  <u>See</u> Exhibit

A, Complaint ¶¶ 13, 18, 25 & 27, and <u>ad damnum</u>.

10.     This Court has subject matter jurisdiction over this action under 28 U.S.C.

§ 1332 in that this is a matter between citizens of different states and the amount in

controversy is in excess of $75,000, exclusive of interest and costs.

11.     Pursuant to 28 U.S.C. § 1446(a), a copy of this notice of removal is being

served upon counsel for Plaintiffs and a copy is being filed with the clerk of the State

Court of Chatham County of the State of Georgia, as is a Notice of Filing of Removal to

Federal Court, which is being filed today pursuant to 28 U.S.C. § 1446(d).

Respectfully Submitted,

_____

ELLIS, PAINTER, RATTERREE & ADAMS LLP
R. Clay Ratterree  (Ga. Bar No.: 595312)
Tracy O'Connell  (Ga. Bar No.: 553460)
Post Office Box 9946
Savannah, Georgia 31412
Telephone:  (912) 233-9700
Facsimile:  (912) 233-2281

OF COUNSEL:

J. Gordon Cooney, Jr.
Troy S. Brown
Kenneth L. Racowski
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Telephone:  (215) 963-5000
Facsimile:  (215) 963-5001

Dated:  July 31, 2006

# EXHIBIT A

**SUMMONS**

## STATE COURT OF CHATHAM COUNTY

## STATE OF GEORGIA

RECEIVED FOR F...
...RK CIRCUIT CL...

2006 JUN 21  AM 10: 51

_Carlton W. Blair, Jr._

TERRI WARNER and PATRICK WARNER

_____
                                    Plaintiff.

CASE NUMBER

STCVD601896

_____
                                    Address.

**SUMMONS**

This 21st of June Term, 19 2006

VS.

ALCON LABORATORIES, INC. and
ALCON, INC.
_____
                                    Defendant.

**CALENDAR DATES**

_____
                                    Address.

FILED IN OFFICE
2006 JUN -5 AM 11:49
TIME SERVED
DAY
DEPUTY

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

> Jack O. Morse, Esq.
> 191 Cleveland Avenue
> Atlanta, Georgia  30315

an answer to the complaint which is herewith served upon you, **within 30 days** after service of this summons, upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

> CARLTON W. BLAIR, JR., CLERK
> STATE COURT ROOM 308
> CHATHAM COUNTY COURTHOUSE
> SAVANNAH. GEORGIA 31401

Clerk of Court
State Court Division

By _____
                    Deputy Clerk

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

TERRI WARNER and PATRICK WARNER, )
                              )
        Plaintiffs,       )
                              )      CIVIL ACTION FILE
v.                             )
                              )      NO.
ALCON LABORATORIES, INC. and  )
ALCON, INC.,             )
                              )
        Defendants.     )
                              )

## COMPLAINT FOR DAMAGES

COME NOW plaintiffs herein and bring this Complaint against defendants and show this Court as follows:

1.

At all times material hereto, plaintiffs Terri Warner and Patrick Warner were residents of Bryan County, State of Georgia.

2.

At all times material hereto, defendants Alcon Laboratories, Inc. and Alcon, Inc., did transact business within the State of Georgia.

3.

At all times material hereto, the defendants were responsible for the designing, manufacturing, selling, assembling, distributing, maintaining, installing, inspecting

JACK O. MORSE
ATTORNEY AT LAW
191 CLEVELAND AVE.
ATLANTA, GA.
30315

404-782-1100

and servicing, a Ladar Vision 400 machine used in Lasik eye surgery.

4.

At all times material hereto, defendants Alcon Laboratories, Inc. and Alco, Inc., expected or should reasonably have expected the aforesaid designing, manufacturing, assembling, distributing, maintaining, installing, selling, inspecting and servicing the Ladar Vision machine to have consequences in the State of Georgia.

5.

On July 6, 2004, plaintiff Terri Warner, did undergo laser eye surgery, when defendants' machine malfunctioned causing her to suffer severe and permanent injuries that resulted in loss of vision.

6.

The incident complained of herein occurred in Chatham County, Georgia. This Court, therefore, has venue and jurisdiction of this matter. The defendants are subject to the venue and jurisdiction of this Court by second original process.

JACK O. MORSE
ATTORNEY AT LAW
191 CLEVELAND AVE.
ATLANTA, GA.
30315
404-762-1100

## COUNT I

### 7.

Plaintiffs repeat and reallege the paragraphs numbered 1 through 6, with the same force and effect as if more fully set forth herein.

### 8.

That the defendants carelessly, negligently, recklessly wantonly and willfully designed, manufactured, sold, assembled, distributed, instructed, failed to warn, failed to properly maintain, failed to inspect, and failed to properly service the Ladar Vision machine.

### 9.

That the loss of vision of plaintiff Terri Warner, was caused solely and wholly as a result of the negligence of defendants, with no negligence on the part of the plaintiff Terri Warner, contributing thereto.

### 10.

That the defect or the potential defect existed at the time the Ladar Vision machine left the care, custody and control of defendants.

JACK O. MORSE
ATTORNEY AT LAW
191 CLEVELAND AVE.
ATLANTA, GA.
30315

404-762-1100

11.

That the said Ladar Vision machine, at the time of the occurrence, was used for the purpose and in the manner instructed by defendants.

12.

That plaintiff Terri Warner, could not, by the exercise of reasonable care, have discovered the defect or perceived its danger.

13.

That solely as a result of the defendants' negligence, plaintiff Terri Warner, has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000) in actual damages and TEN MILLION DOLLARS ($10,000,000) in punitive damages.

## COUNT II

14.

Plaintiff Terri Warner, repeats and realleges the paragraphs numbered 1 through 13, with the same force and effect as if more fully set forth herein.

15.

That the defendants owed to plaintiffs a duty of strict liability not to cause harm to plaintiff Terri Warner, through the use of defendants' product.

JACK O. MORSE
ATTORNEY AT LAW
191 CLEVELAND AVE.
ATLANTA, GA.
30315
404-762-1100

16.

That the defective condition caused, or was a substantial factor, in bringing about the loss of vision suffered by the plaintiff Terri Warner.

17.

As a result thereof, defendants are strictly liable to plaintiffs to make available a product which would not cause harm to plaintiff Terri Warner.

18.

As a result of the strict liability of defendants, plaintiff Terri Warner, has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000) in actual damages and TEN MILLION DOLLARS ($10,000,000) in punitive damages.

**COUNT III**

19.

Plaintiffs repeat and reallege the paragraphs numbered 1 through 18, with the same force and effect as if more fully set forth herein.

20.

Defendants warranted that the above-referenced Ladar Vision machine was free of defects, of merchantable quality, was fit for the purpose and manner intended and made other warranties.

JACK O. MORSE
ATTORNEY AT LAW
191 CLEVELAND AVE.
ATLANTA, GA.
30315
404-762-1100

21.

Plaintiffs relied upon those express and implied warranties of defendants.

22.

It is reasonable to expect that plaintiff Terri Warner, would use or be affected by the Ladar Vision machine.

23.

The defendants wantonly and recklessly breached its warranties, both express and implied, by designing, manufacturing, assembling, distributing, selling and placing on the market, a product not as warranted, not merchantable, not fit and not suited for the use intended.

24.

Plaintiff Terri Warner, was rendered with a loss of vision by the breach of said express and implied warranties.

25.

As a result of the breaches of warranty, plaintiff Terri Warner, suffered personal injuries as hereinbefore described and was damaged in the sum of TEN MILLION DOLLARS ($10,000,000) in actual damages and TEN MILLION DOLLARS ($10,000,000) in punitive damages.

JACK O. MORBE
ATTORNEY AT LAW
191 CLEVELAND AVE.
ATLANTA, GA.
30315
404-762-1100

## COUNT IV

26.

Plaintiffs repeat and reallege the paragraphs of paragraphs 1 through 25 with the same force and effect as if more fully set forth herein.

27.

Due to the aggravating circumstances involved herein, plaintiffs are entitled to recover from defendants punitive damages of TEN MILLION DOLLARS ($10,000,000).

## COUNT V

28.

Plaintiffs repeat and reallege the paragraphs of paragraphs 1 through 27 with the same force and effect as if more fully set forth herein.

29.

At all times material herein, plaintiff Patrick Warner, was the husband of plaintiff Terri Warner.   Plaintiff Patrick Warner, seeks recovery for the loss of consortium, companionship and society of his wife, plaintiff Terri Warner, as a result of the injury set forth above.   Plaintiff seeks recover in an amount for his loss of consortium, companionship and society of his wife, plaintiff Terri Warner, in an amount which a court and jury deem reasonable and appropriate.

JACK O. MORSE
ATTORNEY AT LAW
191 CLEVELAND AVE.
ATLANTA, GA.
30315
404-762-1100

WHEREFORE, plaintiffs pray that defendants be served with Summons and Complaint and plaintiffs demand judgment against the defendants in the sum of TEN MILLION DOLLARS ($10,000,000) compensatory damages and TEN MILLION DOLLARS ($10,000,000), in punitive damages, plus a reasonable amount for the loss of consortium claim of plaintiff Patrick Warner, plus costs of court.  Plaintiffs further demand jury trial as to all issues.

_____
JACK O. MORSE
Georgia Bar No. 525800

191 Cleveland Avenue
Atlanta, Georgia 30315
(404)762-1100

PARISI & BELLAVIA

By: _____
ALBERT PARISI

The Powers Building
16 West Main Street
Suite 736
Rochester, New York 14614
(585)232-8000

*Attorneys for Plaintiffs*

JACK O. MORSE
ATTORNEY AT LAW
191 CLEVELAND AVE.
ATLANTA, GA.
30315

404-762-1100

07/07/2006 15:21 FAX 817 568 7267          ALCON LABS                    ☑ 011

**IN THE STATE COURT OF CHATHAM COUNTY**

**STATE OF GEORGIA**

TERRI WARNER and PATRICK WARNER, )
                              )
        Plaintiffs,      )
                              )     CIVIL ACTION FILE
v.                            )
                              )     NO.
ALCON LABORATORIES, INC. and )
ALCON, INC.,                )
                              )
        Defendants.     )
                              )

## REQUEST FOR PRODUCTION OF DOCUMENTS OF PLAINTIFFS TO DEFENDANTS

COME NOW plaintiffs through counsel and pursuant to O.C.G.A. §9-11-34 files this Request for Production of Documents on defendants in the above-styled case. Plaintiffs show that the documents listed below are in the care, custody, and control of the defendants or its agents, servants, employees, and counsel. Plaintiffs show that the documents listed below are relevant and material to the issues involved in this case or may lead to such relevant and material information. The production of these documents shall take place at the Law Office of Jack O. Morse, 191 Cleveland Avenue, Atlanta, Georgia, within, but no longer than, forty-five (45) days from the date of service of this Request for Production.

This request is to be deemed continuing so as to require supplemental production if defendants Alcon Laboratories, Inc. and Alcon, Inc., obtain or discover further documents responsive to this request after production has been made. As to any document which is not in your possession or subject to your control, but which you know to exist, you are requested to identify each such document and to indicate its present or last known location and custodian.

07/07/2006 15:22 FAX 817 568 7267        ALCON LABS                                    ☒013

# INSTRUCTIONS

1.   You are requested to furnish all documents responsive to this request which are in your possession, custody and control, including documents which have been provided to your attorneys and to your and/or their consultants and/or experts.

2.   As to any document which is not in your possession, custody or control, but which you know to exist, you are requested to identify each such document and to indicate its present or last known location and custodian.

3.   As to any document which is not in your possession, custody or control because it has been destroyed, you are requested to identify each such document, to indicate its last known location and custodian, and to state when and why it was destroyed.

4.   As to documents produced which are within your possession, you are requested to designate when you first became aware of the document and when you first gained possession of the document.

5.   With respect to each document withheld on grounds of privilege, provide a schedule containing the following information:

   a.   Document type;
   b.   Date of the document;
   c.   Identification of all persons involved in writing or preparing the document;
   d.   Identification of all persons who received or otherwise saw the document;
   e.   Current location and custodian of the document;
   f.   Subject matter of the document; and
   g.   Grounds for claiming the document is privileged.

3

6.     This request is deemed to be continuing so as to require supplemental production if you obtain or discover further documents responsive to this request after production has been made.

### DEFINITIONS

1.   The term "reflecting", "referring", or "relating" mean directly or indirectly mentioning, discussing or describing, pertaining to or being connected with a stated subject matter.

2.    The conjunctives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

### DOCUMENT REQUESTS

1.     Please provide a copy of all documents, literature and/or manuals that refer or relate to the Ladar Vision System, designed, manufactured and/or sold by Alcon Laboratories, Inc. or Alcon, Inc, that was used on the plaintiff in the above-referenced case.

2.     Please provide a copy of all documents that refer or relate to the Ladar Vision Systems sold to Dr. Elizabeth Miller and Georgia Eye Institute, Savannah, Georgia.

3.    A copy of the instruction manuals for the Ladar Vision Systems used in the procedure performed on plaintiff.

4

4.    A copy of all written materials that were provided to the owners/operators of the system used on the plaintiff when the Ladar Vision System was purchased.

5.    A copy of all materials provided by Defendant to consumers that refer or relate to the Ladar Vision System.

6.    Please provide a copy of all design drawings of the Ladar Vision System used on the plaintiff in this action.

7.    Please provide a copy of all human factor studies conducted regarding the Ladar Vision System.

8.    Please provide a copy of all documents including but not limited to tests or studies that were conducted on the Ladar Vision System that refer or relate to the use and/or operation of the Ladar Vision System.

9.    Please provide a copy of all trade, industry or governmental standards, regulations and/or recommendations (including foreign rules and regulations) that refer or relate to the following:

   a.    The Ladar Vision System design;

   c.    Federal Safety Standards applicable to the Ladar Vision System;

   d.    Standards that the Ladar Vision System was designed in conformity to;

   e.    Certifications that indicate the standards that the Ladar Vision System was designed in conformity to; and

       f.     All videotapes of testing of the Ladar Vision System
             for conformity with Federal Safety Standards.

10.    All foreign standards that are applicable to the Ladar Vision System.

11.    All citations issued by the FDA to Alcon Laboratories, Inc. or Alcon, Inc. referring or relating to the Ladar Vision System.

12.    All citations issued by the Consumer Products Safety Commission to Alcon Laboratories, Inc. or Alcon, Inc. referring and/or relating to the Ladar Vision System.

13.    All testimony of Alcon Laboratories, Inc. or Alcon, Inc.'s employees before governmental agencies that refers and/or relates to the Ladar Vision System and the specifically alleged defects or problems with the Ladar Vision System.

14.    All standards, rules and regulations that Alcon Laboratories, Inc. or Alcon, Inc.'s employees consulted or reviewed in the design of the Ladar Vision System.

15.    All documents referring or relating to any and all recalls of the Ladar Vision System.

16.    All change orders and their prior drafts referring or relating to the Ladar Vision System.  This request includes but is not limited to change orders that refer or relate to the following:

6

    a.    any change by Alcon Laboratories, Inc. or Alcon, Inc. to the design of the Ladar Vision System;

    b.    any and all change orders that discuss the reasons for the change order;

    c.    all memos referring or relating to the changes in the Ladar Vision System;

    d.    all project engineering orders referring or relating to the Ladar Vision System;

    e.    all engineering lab work orders and test lab documents referring or relating to the Ladar Vision System; and

    f.    All change orders or engineering design changes to the Ladar Vision System.

17.    All recalls involving the Ladar Vision System.

18.    All documents received from the FDA referring to the Ladar Vision System.

19.    All patents referring or relating to the Ladar Vision System.

20.    All testing performed on the Ladar Vision System.

21.    All videotapes referring or relating to the Ladar Vision System.

22.    All videotapes depicting the operation of the Ladar Vision System.

23.    All videotapes supplied by Alcon Laboratories, Inc. or Alcon, Inc. to their distributors depicting the operation of the Ladar Vision System

24.    All videotapes sent to or produced by television stations to be used as advertising commercials depicting the operation of the Ladar Vision System.

25.   All videotapes of individuals operating the Ladar Vision System. This request includes but is not limited to all videotapes that were taken in the course of previous litigation which alleged injury from the Ladar Vision System (provide copies of any and all plaintiffs and defendants videotapes).

26.   All newspaper articles, magazine articles, industry trade journal articles referring or relating to:

    a.    injuries allegedly caused by the Ladar Vision System;

    b.    safety guidelines regarding the appropriate design of the Ladar Vision System;

    c.    problems or safety concerns about the use of the Ladar Vision System; and

    d.    human factors that should be considered in the design of the Ladar Vision System.

27.   A copy of all Alcon Laboratories, Inc. or Alcon, Inc.'s internal meeting minutes that refer or relate to the following:

    a.    analysis of the Ladar Vision System;

    b.    safety standards appropriate to the Ladar Vision System;

    c.    the adoption of standards appropriate for the Ladar Vision System;

    d.    injuries, complaints or pending lawsuits that allege an injury from the Ladar Vision System; and

    e.    the document retention policy of Alcon Laboratories, Inc. or Alcon, Inc.

28.   A copy of Alcon Laboratories, Inc. or Alcon, Inc.'s annual reports from 1999 to the present.

8

29.   All documents that indicate the name of Alcon Laboratories, Inc. or Alcon, Inc.'s Board of Directors members from 1999 to the present.

30.   All documents that indicate the names of the trade associations that Alcon Laboratories, Inc. or Alcon, Inc. and/or their employees belong to from 1999 to the present.

31.   All literature gathered by Alcon Laboratories, Inc. or Alcon, Inc.'s and their employees while in attendance at seminars, lectures or other gatherings where the Ladar Vision System was discussed.

32.   All annual reports of Alcon Laboratories, Inc. or Alcon, Inc. that refer or relate to pending litigation.

33.   All drafts of the instructions for the Ladar Vision System.   This request includes but is not limited to all documents relied upon to produce this manual, all handwritten drafts of the manual or partial drafts of the manual, all internal documents referred to the manual, all documents relied upon or referred to in the drafting of the warnings contained in the manual.

34.   All tests conducted on the Ladar Vision System to date.

35.   All reports of forensic tests on the Ladar Vision System.

36.   Provide copies of all documents listed below that relate to lawsuits where plaintiffs claims an injury from a defectively manufactured, distributed or

designed Ladar Vision System. In each of these cases, please provide a copy of the following:

    f.    copies of all interrogatories directed to Alcon Laboratories, Inc., Alcon, Inc. and/or any co-defendant and copies of all responses thereto;

    g.    copies of all demands for production of documents directed to Alcon Laboratories, Inc., Alcon, Inc. and/or any other co-defendants and copies of all responses thereto;

    h.    copies of all requests for admissions directed to Alcon Laboratories, Inc., Alcon, Inc. and/or any other co-defendants and copies of all responses thereto;

    i.    copies of all depositions taken of Alcon Laboratories, Inc. and/or Alcon, Inc.'s employees and former employees in all said cases;

    j.    copies of transcripts of court testimony of Alcon Laboratories, Inc. and Alcon, Inc.'s employees and former employees in any of said cases.

37.    All documents reflecting the procedure and/or process to be followed by Alcon Laboratories, Inc. or Alcon, Inc.'s employees for the recording of customer and/or distributor complaints concerning the Ladar Vision System.

38.    All documents that were complied as part of a formal accident recording system implemented by Alcon Laboratories, Inc. or Alcon, Inc. This request includes but is not limited to any Alcon Laboratories, Inc. or Alcon, Inc.'s Laboratories or Alcon, Inc. has kept.

39.    A copy of all defendant and plaintiff expert reports in settled and/or previously litigated cases where the plaintiffs alleged an injury from the Ladar Vision System.

40.   A copy of each and every warning placed either on any Ladar Vision System or in any literature explaining the operation of the Ladar Vision System.

41.   All documents Alcon Laboratories, Inc. or Alcon, Inc.'s. and/or their employees relied upon in their formulation of the warnings for the Ladar Vision System.

42.   All field testing reports of the Ladar Vision System.

43.   All sales literature, brochures, advertisements, catalogs or users manuals referring or relating to the Ladar Vision System.

44.   All documents that Alcon Laboratories, Inc. or Alcon, Inc. intend to rely upon in their defense of this action not previously identified herein.

45.   Produce all design and/or engineering drawings relating to the design of the Ladar Vision System

46.   Any and all correspondence between Dr. Elizabeth Miller, Savannah, Georgia, and Defendants notifying Defendants of problems or concerns with the Ladar Vision System.

47.   Any and all correspondence between Dr. Elizabeth Miller, Savannah, Georgia, and Defendants notifying them of safety issues or effectiveness issues regarding the Ladar Vision System.

48.   Any and all correspondence regarding concerns with the FDA approval process of the Ladar Vision System.

49.    Any and all correspondence regarding concerns with the Ladar Vision FDA pre-approval.

50.    Any and all correspondence regarding concerns with the Ladar Vision post-approval process.

51.    Any and all correspondence regarding concerns with the maintenance problems with the Ladar Vision System.

52.    Any and all depositions involving the Defendants regarding the Ladar Vision System.

53.    Any and all correspondence relating to the Defendants knowledge of off-label use of its Ladar Vision System.

54.    Any and all correspondence relating to retreatment rates of the Ladar Vision System.

55.    Any and all billing records regarding the number of treatments and retreatments on Ladar Vision Systems.

56.    Any and all records relating to retreatment rates for myopia, hyperopic and astigmatisms.

57.    A copy of all maintenance records regarding the Ladar Vision System used on the plaintiff in this case.

58.    A copy of all manuals, bulletins or service bulletins for any of Defendant's Ladar Vision Systems provided to Emory.

59.   A copy of all training materials provided by Defendants to Dr. Elizabeth Miller or her employees on the procedures or methods to follow in order to maintain or service the Ladar Vision System.

60.   All complaints from Dr. Elizabeth Miller regarding the Ladar Vision System.

61.   All medical records relating to Terri Warner.

62.   All scientific journals reporting problems with the Ladar Vision System.

63.   All documents relating to the scheduled and unscheduled maintenance of the Ladar Vision System used on the plaintiff in this action.

64.   Any and all notice of device tampering on the Ladar Vision System used in this action.

65.   Any and all complaints relating to decentration or induced astigmatisms and the Ladar Vision System

66.   Any and all notification that the subject Ladar Vision Systems were being used in an off-label manner.

67.   All documents that refer or relate to retreatment rates while using a Ladar Vision System.

68.   All documents relating to maintenance provided by Defendants on the Ladar Vision used on the plaintiff in this case.

13

69. All training materials provided by Defendants to employees of Dr. Elizabeth Miller regarding the proper and appropriate method to maintain and fix a Ladar Vision System.

70. All documents that refer or relate to the error code "irregular ablation" and the procedures a doctor should follow when such a code appears on a Ladar Vision System.

71. All documents, depositions and pleadings produced or received in the EBW LASER, INC. v. ALCON LABRATORIES, INC., and REFRACTIVEHORIZONS, L.P., No.: 03CVS7179 litigation.

72. Any and all correspondence between Dr. Doyle Stulting and Defendants notifying Defendants of problems or concerns with the Ladar Vision System.

73. Any and all correspondence between Dr. Doyle Stulting and Defendants notifying them of safety issues or effectiveness issues regarding the Ladar Vision System.

74. A copy of all training materials provided by Defendants to Dr. Doyle Stulting or his employees on

07/07/2006 15:26 FAX 817 568 7267          ALCON LABS                           ☒025

the procedures or methods to follow in order to maintain or service the Ladar Vision System.

75. All complaints from Dr. Doyle Stulting regarding the Ladar Vision System.

76. All training materials provided by Defendants to employees of Dr. Doyle Stulting regarding the proper and appropriate method to maintain and fix a Ladar Vision System.

This 16th day of June, 2006.

_____
JACK O. MORSE
Georgia Bar No. 525800

191 Cleveland Avenue
Atlanta, Georgia 30315
(404)762-1100

PARISI & BELLAVIA

By: _____
      ALBERT PARISI

The Powers Building
16 West Main Street
Suite 736
Rochester, New York 14614
(585)232-8000

*Attorneys for Plaintiffs*

15

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following counsel of record with a true

and correct copy of the foregoing document(s) as indicated below:

Jack O. Morse                          Albert Parisi
191 Cleveland Avenue                   16 West Main Street, Suite 736
Atlanta, GA  30315                     Rochester, NY  14614


X        depositing a copy in the United States Mail in a properly addressed envelope
         with adequate postage affixed thereto to ensure delivery;

❑        via facsimile number:

❑        by hand delivery.

Dated this 31st day of July 2006.

ELLIS, PAINTER, RATTERREE & ADAMS LLP

_____
R. CLAY RATTERREE
Georgia Bar No. 595312
TRACY O'CONNELL
Georgia Bar No 553460
Attorneys for Defendants


Post Office Box 9946
Savannah, Georgia  31412-0146
(912) 233-9700
{229117.1}